IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACQUES TRENT HAMILTON, #1713684 | § | |
| VS. | § | CIVIL ACTION NO. 6:13cv51 |
| SALLY'S BEAUTY SUPPLIES, ET AL | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

On January 10, 2013, Petitioner, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to Magistrate Judge Judith K. Guthrie pursuant to 28 U.S.C. § 636(b).

On January 18, 2013, the Magistrate Judge issued a Report and Recommendation that the complaint be dismissed as frivolous for failure to state a claim upon which relief may be granted (docket entry #8). On January 31, 2013, Plaintiff filed a motion for an extension of time in which to file objections (docket entry #12), which was granted. However, on February 4, 2013, he also filed a pleading entitled "Notice of Appeal." *See* docket entry #13.

Plaintiff purports to seek leave to appeal a "final judgment" that he claims was entered in this case on January 31, 2013. *See* docket entry #13 at 1. However, there was no such entry of judgment on that date, or any other date in this case so far. Plaintiff also addressed the pleading to the District Court and included a prayer that this Court hear his petition and grant a "certificate of appealability" upon review of the petition. *See id*. There is no "certificate of appealability" associated with the appeal of a civil rights action in the sense that there is in the case of a prisoner habeas corpus petition. However, the Court takes Plaintiff's request as a motion to the District Court for leave to

1

appeal to the United States Court of Appeals for the Fifth Circuit. In other words, the Court construes Plaintiff's pleading as a Motion to the District Court for Leave to File an Interlocutory Appeal.

Title 28 U.S.C. § 1292(b) provides for interlocutory appeals of trial court decisions when such decisions (1) involve a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Fifth Circuit has previously reasoned that § 1292(b) appeals are appropriate under only "exceptional" circumstances. *Clark-Dietz and Associates-Engineers v. Basica Constr. Co.*, 702 F.2d 67, 69 (5th Cir.1983). However, in other cases, the Fifth Circuit has employed a more flexible approach to Section 1292(b) appeals. *See Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 702-03 (5th Cir.1961) (finding that §1292 gave the appellate machinery "a considerable amount of flexibility" so that "disadvantages of piecemeal and final judgment appeals might both be avoided"). Regardless of which approach is adopted, the decision to permit interlocutory appeal is firmly within the district court's discretion. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n.9, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004) (Ginsburg, J., dissenting); *In re Gomez*, 404 Fed. App. 850, 853 (5th Cir. 2010) (district court must certify in writing that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation in order for a Court of Appeals to exercise its own discretion to hear an interlocutory appeal) (internal quotations and citations omitted).

In this case, it is clear to the Court that Plaintiff has not properly understood the Magistrate Judge's January 18, 2013, Report and Recommendation (docket entry #8), including the final

recommendation that states explicitly, "It is therefore *recommended* that Plaintiff's complaint be dismissed as frivolous . . . ." *See* Report and Recommendation at 6 (emphasis added). There is no final judgment mentioned or implied as of the issuance of that document. Instead, it includes an invitation to the Plaintiff to file any objections he may have. Indeed, he sought, and was granted, an extension of time in which to file such objections. *See* docket entry #16. The Court notes that Plaintiff's time has now elapsed to file his objections. In any event, there is no subject matter suitable for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and there is, as yet, no final judgment in this case. In other words, not only has there been no final judgment in this case, and not only would an interlocutory appeal not "materially advance" this action, but it is obvious that Plaintiff has filed his constructive motion on a mistaken precept. Therefore, Plaintiff's Motion for Leave to File an Interlocutory Appeal is misplaced.

It is therefore

**ORDERED** that Plaintiff's constructive Motion for Leave to File an Interlocutory Appeal (docket entry #13) is hereby **DENIED**.

**So ORDERED and SIGNED this 28th day of February, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**